IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security[1] ) <br> ) <br> Defendant. ) <br> ) | NO. 1:14-CV-08163 <br><br> Honorable Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff Jeffrey L. Wright's motion for attorney's fees under the Equal Access to Justice Act [31] is granted in part. For the reasons set forth below, the Court awards $12,462.39 in fees and costs.

### I. Procedural History and Legal Standard

On October 17, 2014, plaintiff Jeffrey Wright ("plaintiff") filed this action challenging the June 28, 2013 decision of the Administrative Law Judge ("ALJ") denying his claim for disability benefits. On February 16, 2017, this Court remanded the case to the Social Security Administration for further proceedings [29]. The Court found that the ALJ's finding that the plaintiff suffered from chronic regional pain syndrome was inconsistent with her findings on credibility, that the ALJ did not properly evaluate plaintiff's subjective symptoms related to irritable bowel syndrome and diverticulitis, and that the ALJ did not properly explain why she rejected a medical opinion. (*Id.*)

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiff now seeks to recover his attorney's fees and costs in the amount of $14,699.94,[2] pursuant to the Equal Access to Justice Reform Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees and other expenses accrued in the process of the litigation. *Trump v. Colvin*, No. 12 CV 6194, 2015 WL 970111, at *1 (N.D. Ill. Mar. 2, 2015). A plaintiff is eligible to recover attorney's fees if: (1) he is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) he filed a timely and complete fee application. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff argues that he is entitled to fees and costs because the Commissioner's position was not substantially justified. He also argues that he is entitled to recover attorney's fees above the statutory rate of $125 per hour because of an increase in the cost of living. The Commissioner does not dispute that its position was not substantially justified; instead, the Commissioner argues that plaintiff's proposed hourly rate is too high and that the number of attorney hours spent on plaintiff's case is excessive. The Commissioner, therefore, requests that plaintiff's fee award be lower than what he is requesting.

II. Analysis

   a. Hourly Rate

Pursuant to the EAJA, an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that...attorney fees shall not be awarded in excess of $125.00 per hour unless the court

---

[2] In his opening brief, plaintiff requests an award in the amount of $14,285.38. In his reply brief, he includes fees for the 2.2 hours spent preparing the reply brief.

determines that an increase in the cost of living...justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii).  The EAJA compensation arrangement was last modified in 1996, when Congress set the current $125 maximum hourly rate.  The Seventh Circuit has determined that "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted."  *Trump*, 2015 WL 970111, at *2 (citing *Tchemkow v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)).

The Seventh Circuit has since clarified the appropriate means for calculating the cost-of-living adjustment for EAJA petitions.  In *Sprinkle v. Colvin,* 777 F.3d 421 (7th Cir. 2015), the Court determined that the Consumer Price Index ("CPI") is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed."  *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423).  The *Sprinkle* decision does not necessarily create an automatic entitlement to a fee enhancement.  Instead, in order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience."  *Sprinkle,* 777 F.3d at 428.  Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates."  *Trump,* 2015 WL 970111, at *3; *see also Sprinkle*, 777 F.3d at 429 ("to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services").

Here, plaintiff seeks to recover fees based on an hourly rate of $188.44.[3] This amount was based on the national CPI, rather than the regional CPI. Plaintiff explains that the national measure yields a slightly higher result. He further contends that this is the more appropriate index to use because it is more in line with the prevailing market rates, which are established in the affidavits plaintiff has attached to his motion. The Commissioner argues that the regional CPI is a more appropriate measure of the inflation-adjusted rate in this case because it is specific to attorneys in the Chicago region, where the case was litigated.

In *Sprinkle*, the Seventh Circuit left it to the court's discretion whether to use the national or the regional CPI rate when calculating the inflation-adjusted hourly rate. 777 F.3d at n.2. ("We ...leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). District courts have utilized the regional index in published decisions in this Circuit since the *Sprinkle* decision. *See, e.g., Trump*, 2015 WL 970111, at *3 and n.3 ("This case was filed in the Chicago metropolitan area. The Court finds it appropriate to calculate claimant's attorney's fees using the Chicago-Gary-Kenosha regional CPI-U."); *Adams v Colvin*, No. 14 CV 1680, 2015 WL 1780144, at *2 (N.D. Ind. Apr. 20, 2015) (utilizing the Midwest urban region CPI); *Vasquez v. Colvin*, No. 13 CV 6222, 2016 WL 68700, *2 (N.D. Ill. Feb. 19, 2016). As a result, we will utilize the regional index as well. This yields an hourly rate of $183.17 for the month of February 2015, the month in which a majority of the legal work was performed by plaintiff's counsel. Additionally, the Court notes that plaintiff has provided affidavits demonstrating that a cost-of living adjustment is appropriate in this case. *Sprinkle*, 777 F.3d at 428-29 (noting that "a court may find, in its discretion, a

---

[3] Plaintiff also seeks to recover fees for two hours of legal assistant time at an hourly rate of $95.00

single sworn statement from a claimant's attorney, setting forth the prevailing market rate, to be sufficient in some cases). Accordingly, we adopt the Commissioner's proposed hourly rate.

### b. Reasonableness of Number of Hours

We next turn to the Commissioner's remaining argument regarding the number of hours worked on the case. Plaintiff seeks to recover attorney fees for 77 hours of time (plus two hours of work by a legal assistant) worked on the case to date. Under the EAJA, the prevailing party has the burden of proving that the number of hours worked was reasonable. *Large vs. Colvin*, 12 CV 50101, 2014 WL 117174, at *2 (N.D. Ill. Jan. 13, 2014). The court should not grant a fee request that is "excessive, redundant, or otherwise unnecessary." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While no precise rule or formula for determining what fees are reasonable exists, courts should avoid engaging in an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Seabron v. Astrue*, 11 CV 1078, 2012 WL 1985681, at *1 (N.D. Ill. June 4, 2012).

Here, the Commissioner objects that some of plaintiff's attorney's time entries are excessive. For example, plaintiff's counsel spent 22.75 hours reviewing the record and taking notes and an additional 31.85 hours drafting and reviewing plaintiff's opening brief. We agree with the Commissioner that this amount of time is excessive.[4] *See, e.g., Porter v. Barnhart*, No. 04 CV 6009, 2006 WL 1722377, at *3 (N.D. Ill. June 19, 2006) (finding number of hours worked unreasonable where plaintiff's attorneys spent 37.4 hours on reviewing the administrative record and transcript, performing legal

---

[4] The Commissioner used different examples of the excessive time, choosing to focus on the amount of time spent drafting the statement of facts instead of the entire opening brief. Nonetheless, the Court agrees that the time was excessive.

5

research and drafting Porter's motion for summary judgment). Plaintiff argues that the record here was in excess of 1,000 pages, that his opening brief was 25 pages, and that the Commissioner's brief was 30 pages. We acknowledge that the administrative record in this case was voluminous; however, we still find the number of hours spent reviewing the record and drafting the opening brief here to be excessive. Accordingly, we will reduce the amount of time spent preparing the opening brief from 31.85 to 21.85 hours.

After making this adjustment, plaintiff's total hours are reduced to 64.8 hours. This number is in accord with other cases addressing similar EAJA motions in this Circuit. *See, e.g., Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (noting that the "permissible range" is "generally" between 40 and 60 hours); *compare Embry v. Colvin*, No. 12 CV 3685, 2015 WL 4720106, at *5 (N.D. Ill. Aug 4, 2015) (finding 357 hours of time unreasonable). Having determined a reasonable number of hours and the appropriate hourly rate, the Court finds that plaintiff is entitled to $12,059.42. This number is based on the monthly hourly rate that the Commissioner included in its response brief and includes the two hours of legal assistant work.

### c. Supplemental Fee Request

At the conclusion of his reply brief, plaintiff adds that his counsel, Barry Schultz, spent 2.2 hours drafting the EAJA reply brief, which also included reviewing plaintiff's opening brief, reviewing defendant's response, and conducting legal research. Accordingly, plaintiff seeks to recover for this time as well. The Court will grant plaintiff's request to recover fees for this time. As explained above, the hourly rate for this time

should be calculated using the regional CPI, which, according to the Commissioner's brief, is $183.17. Adding this to the fees we awarded above brings the total amount to $12,462.39.

III. Conclusion

For the foregoing reasons, we grant plaintiff's motion for fees under the EAJA in part and award him $12,462.39 in fees incurred in connection with this litigation.

**ENTERED:**

_____

**Michael T. Mason
United States Magistrate Judge**

**Dated: June 14, 2017**